THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA ROBINSON,<br><br>                Plaintiff,<br><br>   v.<br><br>MANUEL DELAPEJIA and PETE CARLSON,<br><br>                Defendants. | CASE NO. C21-1094-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Pete Carlson's Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e). (Dkt. No. 12.) Having thoroughly considered Defendants' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained below.

**I.  BACKGROUND**

Plaintiff sued Manuel Delapejia[1] in King County District Court seeking to recover a tax refund. (*See* Dkt. No. 1-1.) Plaintiff's Notice of Small Claim describes the basis of her claim as follows:

> The negligence of Manuel Delapejia Taxpayer Advocate Service and Pete Carlson with West Co[a]st Tax and [A]ccounting properly handling and submitting my

---

[1] It appears that the correct spelling of this Defendant's name is "Delapena," which the Court uses going forward.

ORDER
C21-1094-JCC
PAGE - 1

claim to the IRS, resulted in me not getting my 2014 income tax refund of over [$]5,000. I am suing for the refund and court cost.

(*Id.*) Delapena removed Plaintiff's lawsuit to this Court under 28 U.S.C. § 1442(a). (Dkt. No. 1.) Delapena's co-defendant, Pete Carlson, seeks a more definite statement of Plaintiff's claim under Federal Rule of Civil Procedure 12(e). He argues that Plaintiff's single-paragraph summary of her claim in her complaint from small claims court is not definite enough under federal pleading standards for him to respond to. (*See generally* Dkt. No. 12.)

## II.     DISCUSSION

A pleading must set forth: "a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)–(3). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The party seeking a more definite statement must specify "the defects complained of and the details desired." *Id*. Although courts hold *pro se* plaintiffs to less stringent pleading standards than represented parties, *see Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), courts may order *pro se* litigants to provide more definite statements rather than dismiss deficient complaints, *see, e.g.*, *Dorsey v. Am. Express Co.*, 499 F. Supp. 2d 1, 2 (D.D.C. 2007) (denying the defendants' motion to dismiss and granting the defendants' motion in the alternative for a more definite statement).

Plaintiff's complaint from small claims court does not comply with Federal Rules of Civil Procedure 8 or 10. (*See* Dkt. No. 1-1.) As a result, Carlson cannot reasonably prepare a response. The complaint consists of a single paragraph framed almost entirely as a legal conclusion without specifying what each Defendant allegedly did or failed to do, why any such acts or omissions were negligent or unlawful, and why Plaintiff is entitled to relief. (*See*

*generally id.*) Nor does the complaint set forth separate individual factual allegations and legal arguments in a way that would enable each named Defendant to respond to the claims against him. *See* Fed. R. Civ. P. 8(a)(1); Fed. R. Civ. P. 10(b).

Plaintiff has not filed an opposition to Carlson's motion; the Court considers this as an admission that Carlson's motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

### III.   CONCLUSION

For the foregoing reasons, Carlson's motion for a more definite statement (Dkt. No. 12) is GRANTED. Plaintiff is ORDERED to file an amended complaint within 30 days from the date of this order. The amended complaint must: (1) set forth Plaintiff's factual allegations without accompanying legal argument in discrete numbered paragraphs; (2) set forth Plaintiff's legal claims against each named Defendant; and (3) specify the factual allegations relevant to each claim against each named Defendant.

DATED this 15th day of September 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE