THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA ROBINSON, | CASE NO. C21-1094-JCC |
| Plaintiff, | ORDER |
| v. | |
| MANUEL DELAPEJJIA and PETE CARLSON, | |
| Defendants. | |

This matter comes before the Court on Defendant Manuel Delapena's[1] motion to dismiss (Dkt. No. 17) and Defendant Pete Carlson's motion to dismiss (Dkt No. 21). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Mr. Delapena's motion (Dkt. No. 17) and DENIES Mr. Carlson's motion (Dkt. No. 21), for the reasons explained below.

//

//

---

[1] Mr. Delapena's name is misspelled in the case caption.

## I.  BACKGROUND[2]

Plaintiff alleges that in or around 2017, she received a tax bill from the IRS. (Dkt. No. 15 at 1.) She called "the local IRS department" which told her to revise her 2015 tax return and resubmit it; to that end, Plaintiff was directed to contact tax advocate Manuel Delapena. (*Id.*) Mr. Delapena told Plaintiff that he needed copies of her 2014, 2015, and 2016 tax returns, so Plaintiff contacted Mr. Carlson, her tax preparer at H&R Block, asking for those forms. (*Id.*) Plaintiff alleges that "[i]n return, all 3 taxes for 2014, 2015, and 2016 were prepared on the same date," which the Court interprets to allege that Mr. Carlson prepared all three of those returns in 2017 after Plaintiff contacted him. (*See id.*) Mr. Carlson then told Plaintiff he had sent the requested information to Mr. Delapena. (*Id.*) Plaintiff eventually received tax refunds for 2015 and 2016, but never for 2014. (*Id.*) She called Mr. Carlson who assured her that he had filed the 2014 return and said he had a filing receipt and proof of mailing. (*Id.*) However, when Plaintiff asked him to provide these materials, Mr. Carlson said he could not find them. (*Id.*) She contacted Mr. Delapena, who confirmed in 2018 that she did not owe the IRS any money and closed her case but did not address the issue of her 2014 refund. (*Id.*) Since then, both Defendants allegedly have stopped responding to Plaintiff's attempts to contact them. (*Id.*)

On June 10, 2021, Plaintiff sued defendants Delapena and Carlson in King County District Court seeking $5,100, the purported amount of her 2014 income tax refund. (Dkt. No. 1-1.) On August 16, 2021, Mr. Delapena removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Dkt. No. 1.)

---

[2] Plaintiff originally filed this action in small claims court via a single-paragraph complaint; Mr. Delapena removed. (Dkt. Nos. 1 & 1-1.) The Court ordered plaintiff to provide a more definite statement of her complaint that sets forth her allegations in discrete numbered paragraphs and otherwise complies with the Federal Rules of Civil Procedure governing pleading. (*See* Dkt. No. 14.) On September 20, 2021, Plaintiff filed a one-page letter-complaint that does not strictly comply with federal pleading rules but nonetheless provides more detail on her allegations. (*See* Dkt. No. 15.) The Court's statement of facts is based on the allegations in Plaintiff's September 20, 2021 letter-complaint.

Both defendants bring separate motions to dismiss (Dkt. Nos. 17, 21.) Mr. Delapena moves under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) to dismiss the claims against him, and by extension, against the United States. (Dkt. No. 17.) Mr. Carlson adopts Mr. Delapena's motion in full, and further argues (1) the case should be dismissed under Rule 41(b) because Plaintiff failed to comply with the Court's order to file an amended complaint, and (2) Mr. Carlson, individually, should be dismissed because this case can only be brought against the United States. (Dkt. No. 21 at 3–4.)

## II. DISCUSSION

Plaintiff is representing herself. This Court "ha[s] an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Accordingly, the Court will hold Plaintiff's filings, "however inartfully pleaded . . . to less stringent standards than normal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted).[3]

This Court construes Plaintiff's request to recover the $5,100 amount of her 2014 tax refund as asserting claims (1) against Mr. Delapena[4] under 26 U.S.C. § 7422, and (2) against Mr. Carlson for damages.[5]

//

---

[3] In her opposition to each motion to dismiss, Plaintiff asks "to continue" the case. (Dkt. Nos. 19 at 2; 20 at 1; 22 at 3.) Plaintiff appears to misunderstand that when lawyers and courts talk about "continuing" a case, that is a legalese way to describe postponing or delaying some case deadline. Plaintiff is simply asking the Court to let her case continue, that is, to go forward. This is the same as asking the Court to deny Defendants' motions for dismissal.

[4] Mr. Delapena also suggests Plaintiff's claim may be construed as seeking relief under 26 U.S.C. § 7432 (failure to release a lien) or 26 U.S.C. § 7433 (unauthorized collection). (Dkt. No. 17 at 6–7.) However, there is no allegation of an unreleased lien or an unauthorized collection, and Plaintiff's claims appear to seek tax-refund-related damages only. (*See generally* Dkt. Nos. 1-1, 15.) The Court thus will not construe Plaintiff's claims as seeking relief under 26 U.S.C. § 7432 or § 7433.

[5] The Court does not undertake to characterize Plaintiff's claims against Mr. Carlson other than construing them as a claim for damages.

### A. The Government's Motion to Dismiss (Dkt. No. 17)

Mr. Delapena argues that dismissal of Plaintiff's claims is proper because (1) the United States is the proper defendant, not Mr. Delapena, (2) Plaintiff fails to state a claim upon which relief can be granted, (3) the Court lacks subject matter jurisdiction, and (4) Plaintiff failed to properly serve the United States. (*See* Dkt. No. 17 at 2–9.)

#### 1. Proper Defendants

A civil action for a tax refund "may be maintained only against the United States and not against any officer or employee of the United States." 26 U.S.C. § 7422(f)(1). If a suit is improperly brought against an employee of the United States, "the court shall order, upon such terms as are just, that the pleadings be amended to substitute the United States as a party for such officer or employee." 26 U.S.C. § 7422(f)(2).

Plaintiff's claim against Mr. Delapena necessarily falls under 26 U.S.C. § 7422. The Court thus treats Plaintiff's claim against Mr. Delapena as a claim against the United States.[6]

#### 2. Failure to State a Claim

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dep't of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). The Government argues Plaintiff fails to meet this standard because "Plaintiff's entire Statement of Claim consists of two sentences." (Dkt. No. 17 at 8.)

As mentioned, the Court concludes that it is appropriate to construe Plaintiff's letter filed in response to the order granting Defendants' motion for a more definite statement (Dkt. No. 15) as an amended complaint. *See supra* Section II. Thus, the Government's argument for dismissal

---

[6] Hereafter, the Court will refer to the United States or the "Government," in place of Mr. Delapena for purposes of analyzing Plaintiff's claims against him.

under Rule 12(b)(6) must fail.

### 3. Subject Matter Jurisdiction

Rule 12(b)(1) provides that a claim must be dismissed if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction is a threshold issue; without it, the Court cannot adjudicate the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A motion to dismiss for lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a facial attack, the Court assumes all material allegations in the complaint are true. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). The United States' motion is a facial attack—it argues, even assuming the truth of all factual allegations in Plaintiff's amended complaint, that Plaintiff fails to invoke federal jurisdiction because the complaint (1) lacks allegations regarding a waiver of sovereign immunity and (2) is untimely. (*See* Dkt. No. 12 at 3–6.)

#### a. Sovereign Immunity

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, this Court lacks subject matter jurisdiction over claims against the United States unless it waives its immunity. *See Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). But 26 U.S.C. § 7422 waives the United States' sovereign immunity for suits by taxpayers seeking to recover tax refunds. *See* 26 U.S.C. § 7422(a). Thus, sovereign immunity does not preclude the Court's jurisdiction to consider Plaintiff's claim.

#### b. Timeliness of Plaintiff's Claims

The Government argues Plaintiff's motion is time-barred because it was filed after the two-year limitations period for filing a claim under § 7422. (Dkt. No. 17 at 5–6.) *See also* 26 U.S.C. § 6532(a)(1). It further claims that the two-year period can be tolled or extended only if the Government agrees to such an extension, which it has not done. (Dkt. No. 17 at 5–6.) The Court agrees that claims under § 7422 must be filed within two years from the mailing of the

notice of claim disallowance. *See* 26 U.S.C. § 6532(a)(1).

Here, the IRS mailed Plaintiff a notice of disallowance on or about October 23, 2018. (Dkt. No. 18 at 2.) Accordingly, Plaintiff was required to file her claim by on or about October 23, 2020. Plaintiff filed this lawsuit on June 10, 2021, approximately seven months later. (*See* Dkt. No. 1-1.) Plaintiff states that she spoke with Mr. Delapena in 2020, who told her to contact him later because the pandemic had left the IRS short-staffed. (Dkt. No. 19 at 3; *see also* Dkt. No. 22 at 3 (urging the Court to consider the unexpected pandemic in determining whether she timely filed her claims.))

Although the pandemic was certainly an extraordinary circumstance, Plaintiff does not explain how it prevented her from timely filing this claim, and the Court is unable to find any legal authority outside the context of prisoners seeking post-conviction relief where a court cited the pandemic to toll a statute of limitations.[7] Accordingly, Plaintiff's claim against the United States under § 7422 is time-barred and must be DISMISSED with prejudice.[8]

### B.     Mr. Carlson's Motion to Dismiss (Dkt. No. 21)

Mr. Carlson separately moves to dismiss Plaintiff's claims (1) for the reasons set forth in the Government's motion (Dkt. No. 17), (2) under Rule 41(b) for failure to comply with the Court's order directing Plaintiff to provide a more definite statement, and (3) under Rule

---

[7] To equitably toll the statute of limitations, a plaintiff must establish "(1) that [she has] been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe of Wis. V. U.S.*, 577 U.S. 250, 255 (2016). Whether the two-year statute of limitations for Plaintiff's claim can be equitably tolled is unresolved in the Ninth Circuit. *Compare RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed. Cir. 1998) (holding the two-year period in § 6532(a) is not eligible for equitable tolling), *with Wagner v. United States*, 353 F. Supp. 3d 1062 (E.D. Wash. 2018) (holding that § 6532(a) is subject to equitable tolling). However, the Court need not address this issue because, to the extent Plaintiff makes an equitable tolling argument, she fails to sufficiently allege a basis for equitable tolling.

[8] Because Plaintiff's claims against the United States are dismissed, the Court declines to consider the Government's argument under Rule 12(b)(5) that it was not properly served.

12(b)(6) for failure to state a claim. (Dkt. No. 21 at 3–4.)

### 1. The Government's Arguments

Mr. Carlson adopts the Government's motion in full, which, except for the timeliness issue, fails for the same reasons. Plaintiff's claim for damages against Mr. Carlson, a private individual, are not subject to the statute of limitations in 26 U.S.C. § 6532(a)(1). Therefore, Mr. Carlson's claims are not subject to dismissal on those grounds.

### 2. Failure to Comply with Prior Court Order

Mr. Carlson moves to dismiss under Rule 41(b), arguing that Plaintiff's letter-complaint does not satisfy the Court's order for a more definite statement. (Dkt. No. 21 at 4.) As discussed at Section II, *supra*, the Court construes Dkt. No. 15 as a more definite statement. Accordingly, Mr. Carlson's motion to dismiss under Rule 41(b) is DENIED.

### 3. Failure to State a Claim

Mr. Carlson next argues dismissal is proper under Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted. (Dkt. No. 21 at 3–4.) According to Mr. Carlson, Plaintiff's claims for her tax refund cannot be brought against him because they can only be brought against the United States. (*Id.*)

The Court declines to give such a literal reading to Plaintiff's complaint. Plaintiff alleges Mr. Carlson mishandled the preparation of her 2014 tax return and failed to provide proof that he had timely filed it, which deprived her of the $5,100 tax refund that she would have received had he properly filed her the return. (*See* Dkt. Nos. 1-1, 15.) Construed liberally, Plaintiff seeks the *amount* of her 2014 tax refund—not simply the refund itself—as damages for Carlson's alleged mishandling of her tax return. While Plaintiff's claim under § 7422 can only be brought against the United States, Plaintiff's claim for damages against Mr. Carlson is not subject to the same restrictions because Mr. Carlson is not a government employee but rather a private individual who is being sued based on his relationship to his client as her tax preparer. Mr. Carlson's

motion to dismiss under Rule 12(b)(6) is thus DENIED.

**C.    Remand**

"[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Here, because the Court dismissed Plaintiff's claim against the Government, the only remaining claim is her common law damages claim against Mr. Carlson. Under such circumstances, the Court has discretion to *sua sponte* remand that claim. *See id.* at 351. The Court thus FINDS that dismissing Plaintiff's sole federal claim deprives it of jurisdiction to hear the remaining state-law damages claim against Mr. Carlson. Accordingly, the Court REMANDS this case to the King County District Court for further proceedings against Mr. Carlson.

**III.    CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss (Dkt. No. 17) is GRANTED; it is further ORDERED that the United States is hereby SUBSTITUTED as a defendant in place of Mr. Delapena and that Plaintiff's claims against the United States are DISMISSED with prejudice. Mr. Carlson's motion to dismiss (Dkt. No. 21) is DENIED. The Court further ORDERS that the case is REMANDED to the King County District Court.

DATED this 1st day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE