THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA ROBINSON,<br><br>               Plaintiff,<br><br>    v.<br><br>MANUEL DELAPEJIA and PETE CARLSON,<br><br>              Defendants. | CASE NO. C21-1094-JCC<br><br>ORDER |

      The Court received a December 7, 2021 correspondence from Plaintiff Barbara Robinson (Dkt. No. 26) in which she expressed disappointment with this Court's order granting Defendant Manuel Delapena's motion to dismiss, (Dkt. No. 25), and sought to "correct some statements in" that order, (Dkt. No. 26 at 1.)

      The Court construes Ms. Robinson's letter as a motion for reconsideration. "Motions for reconsideration are disfavored. The [C]ourt will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or . . . of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." W.D. Wash. Local Civ. R. 7(h)(1).[1]

---

[1] The standard under Federal Rule of Civil Procedure 59(e) is much the same. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (relief is available if necessary to (1) prevent manifest errors of law or fact on which the judgment rests; (2) present newly discovered or

Ms. Robinson offers several points of factual clarification to the Court's summary of her allegations in its order dismissing her claims against Mr. Delapena. (*See* Dkt. No. 26 at 1–3 (citing Dkt. No. 25 at 2, 7–8).) Ms. Robinson does not, however, explain why she could not have brought this information to the Court's attention earlier through reasonable diligence. And even if she had, none of the new information would alter the Court's determination that her claims against the federal government are beyond the one-year statute of limitations. (Dkt. No. 25 at 5–6.)

The Court understands Ms. Robinson's disappointment with this outcome. But Ms. Robinson herself states that lawyers have refused to represent her because "it would cost [her] more than what was being sued for," (Dkt. No. 26 at 2), and reinstating her claims against Mr. Delapena (really, the United States), would mean the litigation must remain in this Court, with Ms. Robinson representing herself against attorneys from the Civil Division of the U.S. Department of Justice. With her claims against Mr. Delapena dismissed, however—as the statute of limitations requires—she is free to pursue her case against Mr. Carlson in the small claims department of the King County District Court, where she initially sued, (*see* Dkt. No. 1-1), where Mr. Carlson must defend without a lawyer, *see* Wash. Rev. Code § 12.40.080, and where fairness and the law dictate that her case must proceed, if at all.

For the foregoing reasons, Ms. Robinson's motion for reconsideration (Dkt. No. 26) is DENIED.

DATED this 6th day of January 2022.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

previously unavailable evidence; (3) prevent manifest injustice; or (4) account for an intervening change in controlling law).